86 F.3d 1146
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
GEM REALTY TRUST, Plaintiff, Appellant,
v.
FIRST NATIONAL BANK OF BOSTON, et al., Defendants, Appellees.
 No. 95-1649.
 United States Court of Appeals, First Circuit.
 April 26, 1996.
 
 Appeal from the United States District Court for the District of New Hampshire [Hon. Shane Devine, Senior U.S. District Judge]
 James H. Gambrill, with whom Engel, Gearreald and Gardner, P.A. was on brief for appellant.
 Bruce W. Felmly, with whom Byrne J. Decker and McLane, Graf, Raulerson & Middleton, P.A. were on brief for appellees.
 Before TORRUELLA, Chief Judge, and CYR and BOUDIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 GEM Realty Trust appeals from a district court judgment based on a jury verdict dismissing its challenge to a mortgage foreclosure sale conducted by First National Bank of Boston against certain New Hampshire real property owned by GEM. On appeal, GEM presses various objections to the district court's jury instructions and evidentiary rulings. Following full briefing and oral argument, we affirm the district court judgment and comment briefly on but two claims raised by GEM on appeal.
 
 
 2
 A careful review of the record and the controlling New Hampshire precedent persuades us that the district court fairly and accurately conveyed the governing principles of New Hampshire law in its instructions to the jury. See Davet v. Maccarone, 973 F.2d 22, 26 (1st Cir.1992), for our standard of review, and Murphy v. Financial Dev. Corp., 495 A.2d 1245 (N.H.1985), for the applicable law. And the district court did not abuse its discretion, Bates v. Shearson Lehman Bros., 42 F.3d 79, 83 (1st Cir.1994), either by excluding the marginally probative and potentially confusing evidence relating to the first forbearance agreement between the parties, see Fed.R.Evid. 401-03, or by sustaining the Bank's hearsay objection, see Fed.R.Evid. 801, to the Katsaros real estate appraisal as plainly cumulative in light of other appraisals before the jury, see id. 403.
 
 
 3
 Accordingly, the district court judgment is affirmed.